Stephanie R. Tatar (237792)
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
*Stephanie@TheTatarLawFirm.com*

Attorney for Plaintiff
**RICHARD A. CHRISTENSEN**

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD A. CHRISTENSEN** )<br><br>    **Plaintiff,**    )<br><br>**v.**    )<br><br>**CHECKR, INC.**    )<br><br>    **Defendant.**    )<br> ) | **Case No. 3:19-cv-3363**<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

### I.   INTRODUCTION

1.      This is an action for damages brought by an individual consumer against

the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"),

15 U.S.C. §1681 *et seq.*, *as amended.*  Under the FCRA, "consumer reports" subject

to the statute's protections include not simply those used in establishing the

1

COMPLAINT AND JURY DEMAND

consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2.    The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Checkr, Inc ("Checkr"). This action involves Defendant's systematic violation of several of those important rules.

## II.    PARTIES

3.    Plaintiff, Richard A. Christensen, is an adult individual who resides in the State of Wisconsin.

4.    Defendant Checkr, Inc. is a business entity that regularly conducts business in the Northern District of California and has principal places of business located at 2505 Mariposa Street, San Francisco, CA 94110.

COMPLAINT AND JURY DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

### III.    JURISDICTION AND VENUE

5.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

6.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### IV.    STATEMENT OF FACTS

7.      Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

8.      The inaccurate information includes, but is not limited to, a criminal offense record including a felony and misdemeanors. This criminal record appears on the consumer report Defendant sold about Plaintiff as follows: "Maintaining a Common Nuisance", "Domestic Battery", and "Battery Resulting in Bodily Injury".

9.      The inaccurate information negatively reflects upon the Plaintiff and misidentifies Plaintiff as a person who has a criminal background. It appears that Defendant, as a result of its unreasonable faulty procedures, produced a consumer report that identified Plaintiff as having been charged with and convicted of multiple criminal offenses, when Plaintiff has no criminal history. Defendant mixed the

COMPLAINT AND JURY DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

background information of Plaintiff and that of another consumer with respect to the inaccurate information, criminal history and other personal identifying information.

10.     Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that they have disseminated to various persons and prospective employers, both known and unknown.

11.     Plaintiff has applied for and has been denied employment opportunities, including but not limited to, employment opportunities through Uber Eats. Plaintiff was informed that the basis for the adverse action against him was the inaccurate information that appears on Plaintiff's consumer report with Defendant.

12.     Plaintiff's consumer reports and file have been obtained from Defendant and have been reviewed by prospective employers, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving employment opportunities, known and unknown.

13.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

14.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of

4

COMPLAINT AND JURY DEMAND

1

2

3

their agency or employment, and under the direct supervision and control of the

Defendant herein.

4

5

6

7

8

15.    At all times pertinent hereto, the conduct of the Defendant as well as

that of its agents, servants and/or employees, was intentional, willful, reckless,

negligent, and in grossly negligent disregard for federal and state laws and the rights

of the Plaintiff herein.

9

10

### V.    CAUSES OF ACTION
### COUNT ONE - FCRA

11

12

13

14

16.    Plaintiff re-alleges and incorporates by reference all preceding

allegations. Checkr is a "consumer reporting agency," as defined by FCRA, 15

U.S.C. § 1681a(f).

15

16

17.     At all times pertinent hereto, the Plaintiff was a "consumer" as that

term is defined by 15 U.S.C. § 1681a(c).

17

18

19

18.    At all times pertinent hereto, the above-mentioned background report

was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

20

21

22

23

19.    Checkr violated 15 U.S.C. §1681e(b) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of

Plaintiff's background report and the files it published and maintained.

24

25

26

20.    As a result of Checkr's violations of 15 U.S.C. §1681e(b), Plaintiff

suffered actual damages including but not limited to: loss of employment income

27

COMPLAINT AND JURY DEMAND

and benefits, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

21.    The violations by Checkr were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Checkr was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

22.    Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs and attorney's fees from Checkr in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## JURY TRIAL DEMAND

23.    Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant Checkr, for the following requested relief:

A.    Actual damages;

B.    Statutory damages;

C.    Punitive damages;

D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

E.    Such other and further relief as may be necessary, just and proper.

6

COMPLAINT AND JURY DEMAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Respectfully submitted,

By:  /s/Stephanie R.  Tatar
    Stephanie Tatar
    **TATAR LAW FIRM, APC**
    3500 West Olive Avenue, Suite 300
    Burbank, CA 91505
    Telephone: (323) 744-1146
    Facsimile: (888) 778-5695
    Attorney for Plaintiff

Dated: June 12, 2019

7

COMPLAINT AND JURY DEMAND